**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 09-0198-WS** |
| ) | |
| **WAYNE CRITTENDEN,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

The defendant has filed a document which was docketed as a motion to modify sentence under 18 U.S.C. § 3582(c)(2). (Doc. 39). The government has filed a response questioning whether the document should be so construed. (Doc. 43). Upon further review, the Court agrees that the defendant has not filed a motion under Section 3582(c)(2). Indeed, the defendant has not sought relief at all; instead, he has asked the Court to "let [him] know what to do" in order to take advantage of the decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), which made retroactive the abolition by the Fair Sentencing Act ("FSA") of the statutory minimum sentence for one crime of which the defendant was convicted. The Court cannot advise the defendant as to what course of action to take.

The Court does pause to concur with the government that no relief under Section 3582(c)(2) is possible. Under that provision, a Court may reduce a sentence it has previously imposed as to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), … if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 994(o) requires the Sentencing Commission to "periodically … review and revise … the guidelines promulgated pursuant to the provisions of this section." The Sentencing Commission's policy statement concerning Section 3582(c)(2) states that reduced sentences under that section are limited to cases in which "the guideline range applicable to th[e] defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below." U.S.S.G. § 1B1.10(a)(1).

Under the quoted provisions, relief under Section 3582(c)(2) is available only if the Sentencing Commission has issued an amendment to the Sentencing Guidelines and has made

that amendment retroactive.  The FSA is an Act passed by Congress, not an amendment to the Sentencing Guidelines passed by the Sentencing Commission.  Therefore, no relief is available under Section 3582(c)(2).  *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) ("[T]he FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case.").

The Court has and expresses no opinion whether the defendant could obtain relief by some other vehicle, including that identified by the government.  (Doc. 43 at 6 n.1).

DONE and ORDERED this 5th day of February, 2013.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE